**Jerry D. HUGHES, Plaintiff,**

v.

**CITY OF ALBANY; The County of Albany; Sol Greenberg, The District Attorney of Albany County; The Town of Colonie; The Colonie Police Department, Defendants.**

**No. 95–CV–0547 (LEK/GJD).**

United States District Court,
N.D. New York.

Jan. 19, 1999.

Jerry D. Hughes, pro se.

City of Albany Corporation Counsel, Albany, NY (Jane B. Schneider, of counsel), for Defendant City of Albany.

Ainsworth, Sullivan Law Firm, Albany, NY (John W. Bailey, of counsel), for Defendants County of Albany and Sol Greenberg.

Maynard, O'Connor Law Firm, Albany, NY (Stephen C. Prudente, of counsel), for Defendants Town of Colonie and Town of Colonie Police Department.

### DECISION AND ORDER

KAHN, District Judge.

Presently before the Court is Plaintiff's motion pursuant to Fed.R.Civ.P. 60(b) to vacate the judgment entered on June 15, 1998. Plaintiff argues that the judgment should be vacated because of my failure to recuse myself *sua sponte* from this civil rights action pursuant to 28 U.S.C. § 455 on the grounds that I have previously adjudicated Plaintiff's habeas corpus petition. Plaintiff argues that my adjudication of his petition gave me access to extra-judicial information in the instant case and created an objectively reasonable basis to conclude that I am not impartial in this case. Plaintiff further alleges that recusal was appropriate in light of the application of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) to the instant action.

■ Section 455 of Title 28 states, in part, that a federal judge must recuse himself in any proceeding where "his impartiality might reasonably be questioned [or] he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding ...." The import of requiring recusal where impartiality "might reasonably be questioned" is that a judge must consider whether the objective facts suggest impartiality, not whether the judge is in fact subjectively impartial. *Liteky v. U.S.*, 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Thus, "what matters is not the reality of bias or prejudice but its appearance." *Id.* The ultimate inquiry is whether "a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned." *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir.1992).

■ In *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988), the Supreme Court found that the failure of a judge to recuse himself or herself pursuant to § 455 might, in some cases, justify vacatur of the judgment in that action. *Id.* Of course, such a vacatur requires, at the least, a finding that recusal is justified in the case. However, the Supreme Court has held that under § 455(a), opinions formed by judges on the basis of facts introduced or events occurring "in the course of current proceedings, *or of prior proceedings,* do not constitute bias or partiality" unless they display "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (emphasis added). Other than the adverse nature of my decision on Plaintiff's habeas corpus petition, Plaintiff points to nothing that even hints at favoritism or antagonism.

Plaintiff argues that this Court's reliance on *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) in dismissing his § 1983 action is a basis for finding impartiality. As Plaintiff correctly notes, the Supreme Court in *Heck* ruled that "when a state prison seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487, 114 S.Ct. 2364. In the instant action, I found this rule applicable to Plaintiff's claim. Because Plaintiff did not demonstrate that his conviction had been invalidated by, e.g., habeas review, dismissal was appropriate. Decision, Dkt. 64, at 4. Plaintiff asserts that because the judgment in this case was predicated, in part, on the adverse ruling on his habeas petition, recusal was mandated in the instant action.

Although Plaintiff does not clearly allege the reason why he believes my participation in the habeas petition establishes my impartiality in this case, his argument appears to be that the dispositive effect which a negative

ruling on the petition would have on his § 1983 action gave me an incentive to deny the petition, thus creating an improper bias in that case. Even where this argument to have merit, it would suggest a bias in the habeas case, not in the instant action. However, I would not find that argument to satisfactorily demonstrate bias even in connection with the habeas petition. It is well established that it is presumptively not improper for a court to preside over successive actions involving the same party. *Liteky,* 510 U.S. at 551, 114 S.Ct. 1147 ("[i]t has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in *successive trials involving the same defendant.*") (emphasis added). Further, Plaintiff's entirely speculative theory that the petition ruling was influenced by my desire to rule negatively on the § 1983 action does not provide any actual evidence of "a deep-seated favoritism or antagonism," *Liteky,* 510 U.S. at 556, 114 S.Ct. 1147, and thus does not provide any reason to reject the presumption of propriety. In sum, I find that Plaintiff has not presented any grounds on which my impartiality in this case could reasonably be questioned.

Further, even assuming that there were some arguable basis for recusal, Plaintiff's failure to request such relief at any time until the present would justify denying his motion to vacate. I filed my decision on Plaintiff's habeas petition on April 3, 1997. Plaintiff therefore knew at that time that any problem arising out of my participation in both cases would not be resolved by recusal from the habeas petition. Nevertheless, he did not raise his concerns in this action until more than a year later. The Second Circuit has noted that if a party believes that judge should recuse himself, the recusal request must be brought "at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." *United States v. Brinkworth,* 68 F.3d 633, 639 (2d Cir.1995) (citation and internal quotations omitted). They further observed that "prompt application avoids the risk that a party is holding back a recusal application as a fall-back position in the event of adverse rulings on pending matters." *Id.* (citation and internal quotations omitted). That strat-

egy is manifestly evident here where Plaintiff, without any justification, waited over a year until after he received an adverse judgment in his civil case to raise the issue in an attempt to vacate the result.

Plaintiff might argue that I had a duty to recuse myself *sua sponte* and that no formal request was necessary. However, the *Brinkworth* language quoted earlier makes it clear that where the facts allegedly creating the problem are known to a party, their failure to raise the issue of recusal in a timely fashion bars them from subsequently raising the issue on a motion to vacate. 68 F.3d at 639. *Liljeberg, supra,* also supports this conclusion. In that case, the Supreme Court found that vacatur was appropriate where a judge had failed to recuse himself from a case *sua sponte.* However, the Court noted that the party moving for vacatur did not learn of the facts which justified recusal until after the judgment. 486 U.S. at 850, 108 S.Ct. 2194. The Court found that it was appropriate "to vacate the judgment unless it can be said that respondent did not make a timely request for relief, or that it would otherwise be unfair to deprive the prevailing party of its judgment." *Id.* at 868, 108 S.Ct. 2194. Here, Plaintiff did not make a timely request for recusal.

Accordingly, it is hereby

ORDERED that Plaintiff's motion to vacate the judgment is DENIED; and it is further

ORDERED that the Clerk serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.